**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CALLAN MARINE, LTD.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 26-1877** |
| **C&C MARINE AND REPAIR, LLC** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff Callan Marine, Ltd.'s Motion to Remand (Doc. 5). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

This matter concerns an arbitration award rendered between Plaintiff Callan Marine, Ltd. and Defendant C&C Marine and Repair, LLC on May 26, 2026. On August 24, 2026, Plaintiff filed a Motion to Vacate the Arbitration Award in the Civil District Court for the Parish of Orleans. The next day, Defendant removed the matter to this Court on the basis of diversity

jurisdiction. Plaintiff has moved for remand, arguing that the forum defendant rule prohibits removal.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[3]

## LAW AND ANALYSIS

Defendant removed this matter to this Court on the basis of diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy that exceeds $75,000.[4] It is undisputed that Plaintiff is a citizen of Texas, Defendant is a citizen of Louisiana and Alaska, and the amount in controversy is $426,522.04. Accordingly, Plaintiff does not dispute that diversity jurisdiction is present. Rather, Plaintiff argues that the forum defendant rule prohibits removal of this matter.

Under 28 U.S.C. § 1441(b)(2), or what is sometimes called the "forum-defendant rule," "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest

---

[1] 28 U.S.C. § 1441.

[2] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).

[3] *Manguno*, 276 F.3d at 723.

[4] 28 U.S.C. § 1332.

properly joined and served as defendants is a citizen of the State in which such action is brought."[5] Accordingly, because Defendant is a citizen of Louisiana, this matter is not removable pursuant to § 1441(b)(2). However, the Fifth Circuit has held that a defendant "may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state."[6] This is referred to as a "snap removal." The phrase "snap removal" refers to a removal executed prior to service on all defendants.[7] Snap removal provides a mechanism for an action to be removed prior to service on the forum defendant without triggering the forum-defendant rule. Accordingly, the question before this Court is whether Defendant was properly served prior to removal.

On August 24, 2026, Plaintiff filed a "Petition/Motion to Vacate Arbitration Award" in state court and then emailed a copy of the filing to Defendant's arbitration counsel. Plaintiff also requested formal service through the sheriff. Before Defendant was served by the sheriff, however, Defendant removed the matter to this Court. Defendant alleges that it removed this matter prior to formal service and therefore defeated the forum defendant rule. Plaintiff, on the other hand, argues that under the Louisiana Binding

[5] 28 U.S.C. § 1441(b)(2); *see also* Lovett v. Bright Horizons Child.'s Ctr., LLC, No. SA-20-CV-688, 2020 WL 3410898, at *2 (W.D. Tex. June 19, 2020).

[6] Tex. Brine Co. v. Am. Arb. Ass'n, Inc., 955 F.3d 482, 487 (5th Cir. 2020). "[T]he Forum Defendant Rule does not prohibit snap removal by a forum defendant." Cristea v. ArborPro, Inc., 701 F. Supp. 3d 441, 449 (E.D. La. 2023).

[7] *See Tex. Brine Co.*, 955 F.3d at 485.

Arbitration Act, its email was sufficient to provide service, and Defendant therefore cannot remove this matter because it is a forum defendant.

The Louisiana Binding Arbitration Act provides that:

> Notice of a motion to vacate, modify, or correct an award shall be served upon the adverse party or his attorney within three months after the award is filed or delivered, *as prescribed by law for service of a motion in an action*. For the purposes of the motion any judge, who might issue an order to stay the proceedings in an action brought in the same court may issue an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.[8]

In reliance on this provision, Plaintiff argues that service of its Motion to Vacate Arbitration Award was properly done in the manner of service of a motion in compliance with Louisiana Code of Civil Procedure Article 1313, which applies to "every pleading subsequent to the original petition." Article 1313 provides for service by electronic mail, stating:

> A. Except as otherwise provided by law, every pleading subsequent to the original petition, and every pleading which under an express provision of law may be served as provided in this Article, may be served either by the sheriff or by: . . . (4) Transmitting a copy by electronic means to counsel of record, or if there is no counsel of record, to the adverse party, at the number or addresses expressly designated in a pleading or other writing for receipt of electronic service.

Plaintiff argues that it therefore properly effected service of its Motion by emailing the filing to Defendant's arbitration counsel.

Defendant, on the other hand, argues that because Plaintiff's Petition/Motion to Vacate Arbitration Award was the original filing in the state

[8] LA. REV. STAT. § 9:4213 (emphasis added).

court action, Louisiana Code of Civil Procedure Article 1314, not Article 1313, applies. Article 1314 provides rules for the service of an original petition and does not authorize service by email.

This Court, however, need not resolve the issue of whether service of Plaintiff's filing should have been completed under Article 1313 or 1314 because Plaintiff's email to Defendant's arbitration counsel was not proper service under either article.[9] Article 1313 allows for electronic service "to counsel of record, or if there is no counsel of record, to the adverse party, at the number or addresses expressly designated in a pleading or other writing for receipt of electronic service." Here, there was not yet counsel of record in the state court matter and no email address had been expressly designated in a pleading for receipt of electronic service. Plaintiff's email to Defendant's arbitration counsel therefore did not satisfy the requirements for electronic service under Article 1313, and Article 1314 does not allow for electronic service. Accordingly, Defendant had not been formally serviced prior to removal, and its removal was therefore not procedurally defective.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

---

[9] *See* Dalla-Longa v. Magnetar Cap. LLC, 33 F.4th 693, 696 (2d Cir. 2022) (considering the same issue under the Federal Arbitration Act). The Court also notes that the petition emailed to Defendant's arbitration counsel did not contain a case number, citation, hearing date or any indication that it had actually been filed. Certainly, service cannot occur prior to the filing of an action.

New Orleans, Louisiana this 22nd day of October, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**